IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30096 |
| | ) | |
| DONDI D. McINTOSH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Dondi D. McIntosh's sentencing held December 11, 2006.  McIntosh was present in person and with counsel, Eric Schwing.  The Government was present by Assistant United States Attorney David Risley.  On July 10, 2006, Defendant McIntosh entered open pleas of guilty to the two-count Indictment (d/e 1) in which he was charged with the offense of Conspiracy to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(A)(ii), and the offense of Use of Telephone to Facilitate a Drug Offense (Count 2), in violation of 21 U.S.C. § 843(b).

1

The Court was in receipt of a Revised Presentence Report (PSR), dated November 27, 2006, prepared by the United States Probation Office.

The Government had no objections to the PSR. Defendant objected to the fact that he did not receive a two-level reduction for playing a minor role in the conspiracy. Defendant contended that he only had a minor role in the conspiracy because he was at the "absolute bottom" of the distribution chain. Defendant contended that he obtained the drugs that he subsequently distributed to others from Michael Mohan, who had obtained them from Danny Sidener. For reasons stated of record, the Court was not persuaded by Defendant's contention. The Court found that the fact that Defendant personally distributed approximately 3.8 kilograms of cocaine (out of the total of at least 5 or more kilograms for which Defendant was held accountable in connection with the conspiracy) and the fact that Defendant kept the profits of his drug sales all to himself, without sharing the profits with Mohan or others, clearly suggested that Defendant was not a minor participant in the conspiracy; rather, the facts were indicative of Defendant's fairly significant role in the conspiracy. The Court, thus, overruled Defendant's objection.

Defendant had no additional objections to the PSR. The Court,

therefore, adopted the findings of the PSR with respect to calculating the Guideline Range. Accordingly, the Court found that Defendant had a final offense level of 34, and was in Criminal History Category VI because Defendant qualified as a career offender under U.S.S.G. § 4b1.1(b). The resulting Guideline Sentencing Range for Count 1 was 262 to 327 months imprisonment, in Zone D of the Guideline Range. The Sentencing Range for Count 2 was 48 months imprisonment, to run concurrently with the sentence imposed on Count 1. The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant McIntosh's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information. <u>United States v. Booker</u>, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

The Court rejected Defendant's argument for a sentence below the Guideline Range based on Defendant's serious criminal record and his role in distributing significant amounts of cocaine in connection with the conspiracy. The Court stated that Defendant McIntosh led a double life as a responsible and caring father, husband, and son-in-law, and as a participant in a drug conspiracy distributing significant amounts of cocaine. The Court found that these circumstances were not a valid basis for a

3

sentence below the Guideline Range. The Court did allow a request by the Government for a sentence below the Guideline Range for substantial assistance to the Government.

THEREFORE, after considering the case file, including the PSR, the statements of counsel, the testimony of witnesses, Defendant McIntosh's own statement, the applicable Sentencing Guidelines, the relevant statutory sentencing factors, and the Government's motion to sentence Defendant to a term 10% lower than the Guideline minimum, the Court sentenced Defendant McIntosh to a term of 235 months imprisonment on Count 1 and 48 months imprisonment on Count 2, to run concurrently. The Court did not impose a fine, but ordered Defendant to pay a $200.00 special assessment, which was due immediately. After his release from prison, Defendant was ordered to serve a term of 5 years of supervised release on Count 1 and 1 year of supervised release on Count 2, to run concurrently. The Court then advised Defendant of his appeal rights. The Court allowed Defendant McIntosh's oral motion to recommend to the Federal Bureau of Prisons that he be placed in the Pekin, Illinois, facility or in a facility as close to Springfield, Illinois, as possible.

IT IS THEREFORE SO ORDERED.

ENTER: December 12, 2006.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE