IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-cr-30096 |
| ) | |
| Dondi McIntosh, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Dondi McIntosh's pro se Motion for Compassionate Release (d/e 58) and Amended Motion for Compassionate Release (d/e 59), requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, Defendant's motions are DENIED.

## I. BACKGROUND

On July 10, 2006, Defendant pled guilty to conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(b) and use of a telephone to facilitate a drug offense in violation of 21 U.S.C. § 843(b). See Minute Entry, July 10, 2006; d/e 1. On December 11, 2006, Defendant was sentenced

to 235 months' imprisonment, to be followed by a 5-year term of supervised release. Defendant is currently serving his sentence at FMC Duluth, and his projected release date is July 26, 2022.

On an unknown date prior to August 12, 2019, while Defendant was an inmate at FMC Rochester, Defendant requested a sentence reduction from the warden of FMC Rochester pursuant to 18 U.S.C. § 3582(c)(1)(A). This request was denied on August 12, 2019. On October 26, 2020, Defendant—now an inmate at FPC Duluth—filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 58. On October 30, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an amended Motion for Compassionate Release was filed. See d/e 59. Defendant seeks a sentence reduction based on his health issues, his exemplary record demonstrating rehabilitation while in Bureau of Prisons custody, and the COVID-19 pandemic. Defendant's initial motions asked the Court to waive 18 U.S.C. § 3582's exhaustion requirement, but Defendant has since changed his position.

On November 9, 2020, the Government filed a response opposing Defendant's motion. See d/e 62. The Government argues

that Defendant has failed to fulfill § 3582(c)(1)(A)'s exhaustion requirement, and that this requirement is a mandatory claim-processing rule that cannot be waived by the Court.

On November 19, 2020, the U.S. Probation Office filed a memorandum (d/e 66) concluding that Mr. McIntosh's initial proposed release plan was not suitable; Mr. McIntosh then submitted an alternative proposed release plan, which the Probation Office deemed suitable in a second memorandum (d/e 68) filed on November 23, 2020.

At the Court's request, Defendant and the Government both submitted additional briefing on the issue of exhaustion of administrative remedies on November 30, 2020. See d/e 70, 71.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory

language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Initially, Defendant McIntosh argued that this Court should "waive" the exhaustion requirement "[b]ased on the pandemic, the purpose of the [First Step] Act, and judicial economy," because Mr. McIntosh planned on "requesting compassionate release, in writing, as of October 29, 2020." See d/e 59, p. 2. After the filing of Defendant's amended motion, however, the Seventh Circuit issued a non-precedential opinion indicating that § 3582(c)'s exhaustion requirement a mandatory claim-processing rule that cannot be waived by a district court. See United States v. Williams, 829 F. App'x 138, 140 (7th Cir. 2020); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) ("When properly invoked, mandatory claim-processing rules must be enforced.") (internal quotation marks omitted). In light of Williams, Defendant has abandoned his waiver argument and instead asks the Court to hold that he fulfilled the exhaustion requirement when he requested a sentence reduction under § 3582(c) from the warden of FMC Rochester. See d/e 70, p. 2.

The Government has timely objected to Defendant's compassionate release request on the grounds that Defendant has

failed to exhaust his administrative remedies, because Defendant's request to the warden of FMC Rochester ("Rochester Request") does not satisfy the statutory exhaustion requirement. See d/e 62, pp. 3–9; d/e 71, pp. 2–5. Thus, before the Court can consider the extraordinary and compelling reasons for release advanced by Defendant McIntosh, or the application of the 18 U.S.C. § 3553(a) sentencing factors, the Court must decide the threshold issue of whether Defendant McIntosh has satisfied the statutory exhaustion requirement. Cf. United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *1 (7th Cir. Nov. 20, 2020) (classifying exhaustion requirement as "affirmative defense" rather than jurisdictional requirement).

This threshold question turns out to be somewhat thorny, in part because of gaps in the factual record. As of the filing of this Opinion, the only available evidence relating to the Rochester Request is a memorandum from the warden of FMC Rochester dated August 12, 2019, denying the request. See d/e 69. The reasons given for denial shed little light on what the basis for Defendant's request may have been—the warden writes that BOP "will not be pursuing a reduction in your case as we do not believe

this matter rises to a specific level," and that "[w]e do not believe that you meet the specific requirements provided in the program statement." Id.  Thus, neither the timing nor the content of the Rochester Request can be clearly discerned from the record before the Court at this time.

### A. A Prior Administrative Request Satisfies § 3582(c)'s Exhaustion Requirement Only if the Request is Based on Extraordinary and Compelling Reasons Similar to those Advanced in Defendant's Federal Filing.

Defendant attempts to paper over the gaps in the factual record by offering an interpretation of § 3582(c) under which both the content and the timing of the Rochester Request are irrelevant.  The argument is as follows: § 3582 confers authority on district courts to grant a sentence reduction where "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request."  The statute does not impose a duty to re-exhaust after the lapse of some period of time, and does not explicitly contemplate the "expiration" of fulfilment of the exhaustion requirement.  Therefore, Defendant McIntosh argues, a defendant who exhausts his administrative remedies at

any time and for any reason has exhausted them for all time, with respect to all future compassionate release motions. See d/e 70 p. 4–5.

There are several problems with Defendant's proposed interpretation of § 3582(c)(1)(A). Most obviously, it would give rise to absurd results inconsistent with the purpose of the statutory provision. One purpose of the exhaustion requirement is to ensure that the Bureau of Prisons has an opportunity to "articulate [its] decision and rationale" vis-à-vis a particular request for compassionate release, thus giving the district court the benefit of BOP's input. Gunn, 2020 WL 6813995, at *2. The Seventh Circuit has made it clear that district courts are "expect[ed] . . . to give [BOP]'s analysis substantial weight." Id. Under Defendant McIntosh's interpretation of § 3582(c)(1)(A), however, a defendant serving a 50-year sentence could request compassionate release for any reason in 2020, and, if denied, would not need to consult the Bureau of Prisons in 2069 before filing a new compassionate release motion based on a new set of extraordinary and compelling reasons. Defendant's proposed interpretation would eliminate BOP's ability to provide input regarding any motion filed by a defendant who has

previously requested a sentence reduction for any reason. It is difficult to imagine what purpose could be served by an exhaustion requirement applicable only to first-time movants; Defendant offers no prudential or purposive justification for such a scheme, preferring to rely solely on the "plain language" of the text. See d/e 70, p. 6.

Defendant cites two recent district court cases to support his interpretation of the statute. In U.S. v. Resnick, 451 F. Supp. 3d 262 (S.D.N.Y. Apr. 2, 2020), the defendant's motion for compassionate release was filed just 30 days after his initial request to BOP, and the initial BOP request was for release based on the defendant's age, while the later motion for sentence reduction relied primarily on the danger posed by COVID-19 to the defendant because of the defendant's age. 451 F. Supp. 3d at 268. U.S. v. Parker, 461 F. Supp. 3d 966 (C.D. Cal. 2020) concerns a defendant who requested a sentence reduction from his warden in 2019 on the basis of exemplary conduct while in custody, age, and serious health issues, had his request denied, and then filed a compassionate release motion in early 2020, requesting relief because COVID-19 posed a greater-than-normal danger to him

because of his age and medical conditions.  461 F. Supp. 3d at 974.

Both Parker and Resnick stand for the proposition that a pre-COVID sentence reduction request can satisfy § 3582(c)'s exhaustion requirement with respect to a COVID-based motion for compassionate relief—if the compassionate release motion is based on grounds substantially similar to the grounds for the initial administrative request.  Thus, a defendant has exhausted when his compassionate release motion merely updates the "extraordinary and compelling reasons" advanced in his initial administrative request to reflect the danger posed to him by the COVID-19 pandemic.

As the Government's brief shows, many district courts have adopted somewhat stricter versions of this "similar basis" rule in recent months.  See d/e 71, at 35 (collecting cases); United States v. Hernandez, 2020 WL 30511505, 4 (S.D. Cal. June 5, 2020) ("[T]he administrative request must raise the same basis for the relief as the federal court filing."); United States v. Samak, No. CR 91-189, 2020 WL 2473780, at *2 (E.D. La. May 13, 2020) ("For a petitioner's request to the warden to exhaust administrative remedies in accordance with § 3582(c)(1)(A), the request must be

premised on the same facts alleged in the corresponding motion filed with the court."); United States v. Valenta, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020)("To properly exhaust administrative remedies, . . . the administrative complaint must raise the same claims asserted in the federal court filing.")(citing Gadra-Lord v. Doe, 736 F. App'x 30, 32 (3d Cir. 2018).

This Court agrees with the Resnick and Parker courts that the reasons advanced in the initial administrative request and the later federal court filing need not be precisely identical.  Administrative requests for sentence reduction are usually made pro se.  It is therefore to be expected that a defendant will occasionally neglect to raise a valid reason for sentence reduction, and that defense counsel will remedy the oversight.

**B. Defendant Has Not Shown that His Rochester Request Was Based on Reasons Similar to the Extraordinary and Compelling Reasons in His Compassionate Release Motions.**

Here, gaps in the factual record prevent Defendant from demonstrating that the Rochester Request shared a common basis with the pending compassionate release motions.  Currently, the "extraordinary and compelling reasons" advanced by Defendant are:

(1) The risk of serious illness or death from COVID-19, given that Defendant is a 47-year-old overweight former smoker; and (2) Defendant's exemplary showing of rehabilitation while in BOP custody.  Reason 1 cannot have been included in the Rochester Request, because COVID-19 had not yet spread to North America in August 2019. Furthermore, while Defendant's status as a 47-year-old overweight former smoker is relevant to a COVID-based compassionate release motion, it is highly unlikely that Defendant mentioned his age, weight, or history of smoking in a request filed before August 12, 2019.

The Rochester Request may well have relied, at least in part, on Defendant's stellar record while in BOP custody.  As the Court observed in the November 23, 2020 motion hearing, the showing of rehabilitation that Defendant has made while incarcerated is perhaps the most impressive that this Court has ever seen. Defendant relies upon this outstanding showing in both pending compassionate release motions.  See d/e 58, pp. 1–2; d/e 59, pp. 10–11.

However, Defendant "bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582." Resnick, 451 F. Supp. 3d

at 266 (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)); see United States v. Gold, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020) ("The defendant bears the burden of establishing his entitlement to relief under this provision."). Based on the evidence before the Court, it is possible that Defendant's initial request did not mention his record of rehabilitation at all, and that it instead advanced a totally unrelated set of grounds for relief. Defendant's pro se motion indicates that he was "discouraged" from pursuing his administrative remedies while at FPC Duluth—but his amended motion asks the court to waive the exhaustion requirement because defendant intended to petition his warden in writing shortly after October 29, 2020. See d/e 58, p. 6; d/e 59, p. 2. Where the record upon which Defendant requests release is incomplete because of a defendant's failure to offer and substantiate answers to important factual questions, the Court will not fill in the blanks with favorable inferences.

Because the Court holds that Defendant has not shown that the Rochester Request raised a basis for relief sufficiently similar to the bases of the pending motions to satisfy § 3582(c)(1)(A), the Court does not reach the issue of whether a request to the warden

of one BOP facility can ever satisfy § 3582's exhaustion requirement after a defendant is transferred to a new BOP facility with a different warden.

### III. CONCLUSION

Because Defendant has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), Defendant Dondi McIntosh's Motion for Compassionate Release (d/e 58) and Defendant's pro se motion for compassionate release (d/e 59) are DENIED.

ENTER: December 11, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
